FILED

SEP 11 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| RONG HUA ZHOU, | No. 09-70964 |
| Petitioner, | Agency No. A099-525-143 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 29, 2013[**]
Pasadena, California

Before: GOULD and RAWLINSON, Circuit Judges, and HUCK, District Judge.[***]

Rong Hua Zhou, a native and citizen of China, petitions for review of the

Board of Immigration Appeal's order dismissing his appeal from an Immigration

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Paul C. Huck, District Judge for the U.S. District Court for Southern Florida, sitting by designation.

Judge's ("IJ") decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We deny the petition for review.

We review for substantial evidence supporting the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act. *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).

The IJ expressed specific and cogent reasons for his adverse credibility finding on the record, including material gaps in Zhou's testimony, lack of explanation or detail, apparent exaggerations, and a failure to provide a foundation for inconsistent corroborating evidence. In light of these findings, and because they are consistent with the REAL ID Act's statutory factors, we conclude that substantial evidence supports the IJ's adverse credibility determination. *See id.* at 1040–44; 8 U.S.C. § 1158(b)(1)(B)(iii). In the absence of credible testimony, Zhou's asylum and withholding of removal claims fail. *Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Zhou's CAT claims are based on the same testimony that the IJ found not credible, and because Zhou does not present any other evidence that shows that it is more likely than not she would be tortured if returned to China, her CAT claim also fails. *See id.* at 1156–57.

PETITION FOR REVIEW DENIED.